[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS (# 105)
On October 16, 2000, the plaintiff, Peppermill Village Condominium Association, Inc., commenced the present action against the defendant, Bozena Starosciak, to foreclose on a statutory lien arising from an CT Page 1657 assessment levied by the plaintiff for the cost of making repairs to two condominiums. The repairs were necessitated as a result of the alleged negligent repair or maintenance of the premises. On December 5, 2000, the defendant filed a motion to dismiss on the ground that the court lacks subject matter jurisdiction. On December 12, 2000, the plaintiff filed its objection to the motion to dismiss.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A ruling on a motion to dismiss is neither a ruling on the merits of the action . . . nor a test of whether the complaint states a cause of action . . . . Motions to dismiss are granted solely on jurisdictional grounds." (Citations omitted; internal quotation marks omitted.) Malasky v. Metal ProductsCorp., 44 Conn. App. 446, 452, 689 A.2d 1145, cert. denied, 241 Conn. 906,695 A.2d 539 (1997). "A motion to dismiss admits all facts well pleaded. . . .In ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. (Citations omitted; internal quotation marks omitted.) Lewis v. Swan, 49 Conn. App. 669, 674,716 A.2d 127 (1998).
The defendant argues in her motion to dismiss that the plaintiff lacked the statutory authority to make the assessment at issue against the defendant. Specifically, the defendant argues that pursuant to General Statutes § 47-257(c), the plaintiff only has authority to make assessments for common expenses "[t]o the extent required by the declaration" and that "any common expense or portion thereof benefiting fewer than all of the units shall be assessed exclusively against the units benefited." General Statutes § 47-257(c)(2). The defendant argues that because there are only two units damaged, § 47-257(c)(2) requires the plaintiff to make the assessment against those owners and not the defendant. Furthermore, the defendant also argues that the damaged units are privately owned and that pursuant to the declaration, the plaintiff did not have authority to expend funds to repair private units. For these two reasons, the defendant argues that the court lacks subject matter jurisdiction.
The defendant's arguments address the validity of the assessments made by the plaintiff They do not address the court's ability to exercise subject matter jurisdiction over a foreclosure action. General Statutes § 47-258(a) provides that "[t]he association has a statutory lien on a unit for any assessment levied against that unit. . . ." "The CT Page 1658 association's lien may be foreclosed in like manner as a mortgage on real property." General Statutes § 47-258(j). There is no question of the jurisdiction of the Superior Court to hear cases involving the foreclosure of mortgages. Accordingly, the motion to dismiss is denied.
It is so ordered.
Arena, J.